**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

        v.                        Case No. 3:93cr03053/RV

**JAMES H. GRESHAM**

_____/

## ORDER

The Defendant in this case, James H. Gresham, was convicted of distribution of crack cocaine as well as conspiracy to distribute crack cocaine in August of 1993. Subsequent to his conviction and its affirmance by the Eleventh Circuit, Gresham filed a Section 2255 habeas petition claiming that he did not receive a fair trial, which was ultimately denied, and then a Section 2241 habeas petition, which was also denied. Gresham has now filed two motions, one styled a "Motion for Writ of Habeas Corpus pursuant to the United States Constitution Article I § 9 Clause 2 and 28 U.S.C. § 1651" (Doc. 629), and a second, styled a "Motion for Order *Nunc Pro Tunc* Pursuant to Title 28 U.S.C. § 1651" (Doc. 630), raising substantially similar issues.

Gresham's motions both seek the same remedy and have the same purported basis as his previous habeas petitions. However styled, they are in substance both Section 2255 motions, and must be treated as such. Title 28, United States Code, Section 2255 provides in pertinent part that:

> A second or successive [habeas petition] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the

    evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

    Since Gresham has previously filed habeas motions in this case, he may not file a new motion unless he has obtained the permission of the Eleventh Circuit. <u>See</u> 28 U.S.C. § 2255; <u>McIver v. United States</u>, 307 F.3d 1327, 1329 (11th Cir. 2002) ("To file a second or successive motion, the petitioner must obtain the permission of the court of appeals.") He has not done this. In order to circumvent this requirement, Gresham's motions purport to rely on the All Writs Act, which provides that a district court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act, however, provides only a residual source of federal jurisdiction, and does not apply where, as here, there is a specific statute governing the issue. <u>Pennsylvania Bureau of Corrections v. United States Marshall Service</u>, 474 U.S. 34, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985). Jurisdiction is, therefore, lacking. Gresham's motions must be, and are, DENIED.

    DONE AND ORDERED this 12th day of June, 2006.

                                    */s/ Roger Vinson*
                                    **ROGER VINSON**
                                    **Senior United States District Judge**